IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00029-STV

SONRISA HOLDING, LLC, and
LIVING TRUST AGREEMENT OF MELODY L. ORTEGA
DATED JANUARY 21, 2002,

    Plaintiffs,

v.

CIRCLE K STORES, INC.,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiffs' Emergency Motion to Reconsider (and Clarify) Order to Strike Remediation Damages (the "Motion for Reconsideration"). [#94] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##24, 27] For the following reasons, Plaintiffs' Motion for Reconsideration is **DENIED**.

## I.   BACKGROUND

This case arises out of a gasoline spill at a gas station owned by Defendant Circle K Stores, Inc. ("Circle K"), which migrated from Circle K's property onto adjacent properties (the "Impacted Properties") owned by Plaintiffs Sonrisa Holding, LLC ("Sonrisa"), and the Living Trust Agreement of Melody L. Ortega Dated January 21, 2002 ("Ortega"). [*See generally* #1] After the gasoline spill, Plaintiffs entered into a contract to

sell their properties to Trammel Crow. [#71-1, CSOF16][1] Trammel Crow required that a vapor intrusion barrier and mitigation system ('vapor barrier") be constructed at the Impacted Properties to remediate the petroleum contamination. [*Id.* at CSOF22; #72-1, SSOF19, 20] Plaintiffs and Trammel Crow agreed that Sonrisa and Ortega would each place $150,000 of the proceeds from the purchase price in escrow (the "Environmental Escrow"), to fund the cost of addressing "any reasonable cost of Contamination Containment" at the Impacted Properties. [#72-1, SSOF18; #71-1, CSOF26]

Plaintiffs initiated this action in January 2017 asserting trespass and nuisance claims and seeking to recover the $183,210 in expenses from the Environmental Escrow for which they were not reimbursed, among other damages. [#1 at 7-10; #71-1, CSOF56-57] The parties filed cross motions for summary judgment in January 2018 and Circle K filed an additional Motion for Summary Judgment in March 2019. [##63, 64, 73] The Court issued a detailed and lengthy order on the motions on June 12, 2019. [#93] The Court granted Plaintiffs' Motion for Partial Summary Judgment [#64] as to liability on the trespass claim, but denied the Motion as to liability on the nuisance claim. [*See generally* #93] The Court denied Defendant's Motion for Partial Summary Judgment [#63], and Motion for Summary Judgment on Plaintiffs' Claims for Assigned Damages [#73], as to liability on the trespass claim, but granted the Motions as to Plaintiffs' nuisance claim.

---

[1] The Court briefly refers to portions of the undisputed facts, drawn from the Separate Statement of Facts filed with Defendant's Motion for Partial Summary Judgment (the "Circle K Statement of Facts") [#71-1] and the Separate Statement of Facts filed with Plaintiffs' Motion for Partial Summary Judgment (the "Sonrisa Statement of Facts") [#72-1], to provide context to the instant Order. The Court refers to the sequentially numbered facts set forth in the Circle K Statement of Facts as "CSOF#" and refers to the sequentially numbered facts set forth in the Sonrisa Statement of Facts as "SSOF#." While Plaintiffs did not label each fact by number, the Court refers to each fact numerically by the order in which it appears.

[*See generally* #93]  The Court held that with respect to Plaintiffs' nuisance claims, Plaintiffs had not presented sufficient evidence of any of the categories of damages that they sought—remediation damages, transactional legal expenses, cost of capital damages, assigned damages, and noneconomic damages.  [*Id.* at 38]  Plaintiffs filed the instant Motion for Reconsideration on June 19, 2019.  [#94]

## II.  LEGAL STANDARDS

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).  "A motion for reconsideration is an extreme remedy to be granted in rare circumstances."  *Stoney v. Cingular Wireless L.L.C.*, No. 06-cv-02003-WYD-KLM, 2009 WL 1394260, at *1 (D. Colo. May 19, 2009) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed."  *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Does*, 204 F.3d at 1012).  Accordingly, "[a]bsent extraordinary circumstances, arguments that could have been raised in the original briefing on the

3

dispute in question may not be made in a motion for reconsideration." *Id.* (citing *Does*, 204 F.3d at 1012).

## III.     Analysis

In the instant Motion for Reconsideration, Plaintiffs present three arguments. [#94] First, Plaintiffs argue that the Court should have awarded remediation damages, because irrespective of how funds from the Environmental Escrow were used, Plaintiffs suffered a decrease in the sales price of the Impacted Properties. [#94 at 3] Plaintiffs contend that it was beyond their control how Environmental Escrow funds were used, and that the jury can determine without specialized knowledge whether there was a reduction in sales price. [*Id.* at 3-5] Second, Plaintiffs assert that the transactional legal expenses are not special damages that had to be pleaded in the Complaint. [*Id.* at 5-6] Third, Plaintiffs attempt to adjust their cost of capital damages request, and argue that these damages should go to the jury.[2] [*Id.* at 7-8]

Plaintiffs' Motion for Reconsideration provides no new evidence and does not cite to any new case law. The "recent" case that Plaintiffs contend supports their position on cost of capital damages is a decision from this District in 2012. [*See* #94 at 7] Plaintiffs also point to no clear error in the Court's analysis, nor can the Court find any. Instead, the bulk of Plaintiffs' Motion is an attempt to rehash arguments already addressed at length in extensive briefing and hearings before the Court, or to raise new arguments that could have been addressed in the original briefing. [*See, e.g.*, ##54, 64, 66, 70, 72, 76, 79] Again, a motion for reconsideration "is not a vehicle for a losing party" to reiterate

---

[2] Although framed as a "Motion to Reconsider (and Clarify)," Plaintiffs do not present any issues for clarification in the Motion.

4

prior arguments, or to raise new theories that should have been raised previously. *Seabron*, 2012 WL 3028224, at *1. By the same token, to the extent Plaintiffs have not addressed whether transactional legal expenses had to be pleaded in the Complaint as special damages, and seek to do so now, Plaintiffs do not present any intervening changes in the law, new evidence, or clear error on that issue. Moreover, any briefing on that issue would be futile because this Court held that even if Plaintiffs were not precluded from seeking transactional legal expenses by their failure to plead those damages in the Complaint, Plaintiffs nevertheless failed to present evidence that those expenses were reasonable, or proximately caused by Circle K's conduct. [#93 at 23]

For the foregoing reasons, Plaintiffs have failed to demonstrate the extraordinary circumstances warranting a motion for reconsideration and Plaintiffs' Motion for Reconsideration [#94] is **DENIED**.

DATED: June 21, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge