**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  17-cv-00029-STV

SONRISA HOLDING, LLC
LIVING TRUST AGREEMENT OF MELODY L. ORTEGA
      Plaintiffs,
  v.

CIRCLE K STORES, INC.
      Defendant.
_____

**DEFENDANT'S MOTION TO ENTER JUDGMENT OR PERMIT DEFENDANT TO DEPOSIT NOMINAL DAMAGES INTO REGISTRY OF COURT**

      Defendant Circle K Stores, Inc. ("Circle K"), through counsel, respectfully submits this Motion to Enter Judgment, pursuant to Fed. R. Civ. P. 58(a), or to Deposit Nominal Damages Into Registry of Court, pursuant to Fed.R.Civ.P. 67(a).  As grounds therefore, Circle K states:

**CERTIFICATE OF CONFERRAL**

      Undersigned certifies that he conferred with Plaintiffs' counsel concerning the relief requested herein, pursuant to D.C.Colo.L.Civ.R. 7.1(a).  Plaintiffs' counsel indicated that Plaintiffs oppose the relief requested in this Motion.

**BASES FOR MOTION**

      1.    As the Court recognized in its Order [Doc. # 93], "[t]his case arises out of a gasoline spill at a gas station owned by Defendant Circle K Stores, Inc. ('Circle K'), which migrated from Circle K's property onto adjacent properties owned by Plaintiffs Sonrisa Holding, LLC ('Sonrisa'), and the Living Trust Agreement of Melody L. Ortega Dated January 21, 2002 ('Ortega')."  *Id.*, p. 2.

2. Plaintiffs asserted two claims for relief – trespass and nuisance -- allegedly caused by Circle K's petroleum products migrating from the Gas Station onto the Impacted Properties. *Id.*, p. 9. Plaintiffs moved for partial summary judgment on its claims, arguing that Plaintiffs are entitled to summary judgment on liability for these two claims. [Doc. #64]

3. In ruling on Plaintiffs' Motion for Partial Summary Judgment, the Court noted that to establish a trespass, Plaintiffs are not required to establish actual damages proximately caused by the trespass. [Doc. # 93], pp. 9-10 (citing *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1200 (D. Colo. 2003) ("*Cook I*"), *disapproved on other grounds on appeal*, 618 F.3d 1127 (10th Cir. 2010)). Because it is undisputed that (1) "there was a release of petroleum from the underground storage tanks at the Circle K Gas Station, and the petroleum from that release constituted a physical intrusion by migrating onto portions of the Impacted Properties, contaminating the groundwater;" and (2) Plaintiffs did not authorize the physical intrusion of the petroleum," the Court entered summary judgment in Plaintiff's favor on liability for their trespass claim. *Id.*, p. 10.

4. The Court held that "Plaintiffs are at least entitled to nominal damages for their trespass claim even if they cannot ultimately recover any other categories of damages." *Id.* (citing *Sanderson v. Heath Mesa Homeowners Ass'n*, 183 P.3d 679, 684 (Colo. App. 2008)).

5. On Plaintiffs' nuisance claim, the Court denied Plaintiffs' Motion for Partial Summary Judgment because Plaintiffs' nuisance claim is based on negligence and "Plaintiffs have failed to raise a genuine issue of fact with regard to causation and damages—elements necessary to their nuisance claim, which is based on negligence."

*Id.*, p. 13.  For this same reason, the Court granted Circle K's Motion for Partial Summary Judgment on Plaintiffs' nuisance claim.  *Id.*

6. The only claim that remains is Plaintiffs' trespass claim.

7. Plaintiffs sought the following six categories of actual damages on their trespass claim: (1) remediation damages; (2) transactional legal expenses; (3) cost of capital; (4) assigned damages claims; (5) lost opportunity damages; and (6) noneconomic damages.  *Id.*, p. 14.

8. For a variety of reasons, including lack of proximate causation and lack of expert testimony, the Court entered summary judgment in Circle K's favor on each of these categories of actual damages Plaintiffs sought.  *Id.*, pp. 16-38.

9. Thus, the only claim that remains is Plaintiffs' claim for trespass and the only damages Plaintiffs can pursue at trial are nominal damages.  *See Sanderson*, 183 P.3d at 684 ("If the court finds that the [plaintiffs] did not present sufficient evidence of the actual damages incurred by them resulting from this trespass, it shall nevertheless award them nominal damages for [defendant's] trespass."); *see also* CJI-Civ. 18:4 n. 5 ("Nominal damages are recoverable in an action for damages to real property if the action is one in trespass…. Only nominal damages are recoverable when there is insufficient evidence of any actual damages resulting from a trespass.") (citing C. MCCORMICK, HANDBOOK ON THE LAW OF DAMAGES § 22 (1935); *Hoover v. Shott*, 68 Colo. 385, 189 P. 848 (1920); and *Crawford v. French*, 633 P.2d 524 (Colo. App. 1981)).

10. As a matter of settled Colorado law, "[n]ominal damages involve an award of one dollar."  *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 481 (Colo. App. 2003) (citing *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d

326 (Colo. 1994)); *Robert K. Schader, P.C. v. Etta Indus., Inc.*, 892 P.2d 363, 366 (Colo. App. 1994) (holding trial court correctly limited party's recovery to "nominal damages of one dollar."); *Colorado Inv. Servs., Inc. v. Hager*, 685 P.2d 1371, 1375 (Colo. App. 1984) ("'Nominal damages is a trivial sum such as one cent or one dollar awarded to a [party] whose legal right has been invaded but who has failed to prove any compensatory damages.'") (quoting *Gould v. Mountain States Telephone & Telegraph Co.,* 6 Utah 2d 187, 309 P.2d 802 (1957)); CJI-Civ. 20:4 ("If you find in favor of the plaintiff, but do not find any actual damages, you shall award (him) (her) nominal damages of one dollar.").

11.   It is neither efficient nor sensible to conduct a trial in this case when Plaintiffs' maximum recovery on their only remaining claim is $1.00 each.

12.   Circle K is willing to have judgment entered against it on each of Plaintiff's trespass claims for $1.00, pursuant to Fed.R.Civ.P. 58(a).

13.   Further, if Plaintiffs are unwilling to accept Circle K's offer of judgment and tender of the nominal damages, with the Court's permission, and pursuant to Fed.R.Civ.P. 67(a), Circle K will deposit into the registry of the Court the maximum nominal damages Plaintiffs can recover. Doing so will moot the case. *See Rudnick v. Ferguson,* 179 P.3d 26, 31 (Colo. App. 2007) ("Accordingly, we conclude the trial court did not err in permitting the [defendants] to tender $150,000 into the court registry and in dismissing the case as moot without requiring the [defendants] to confess judgment, to admit their liability, or to enter into a settlement with the [plaintiffs]."); *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) ("In substance, what defendant did by its offer was no different ... than if it had submitted to a default judgment on the individual claims."); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) ("Since ... defendants had offered [Plaintiff] the full amount of

damages ... to which she claimed individually to be entitled, there was no longer any case or controversy.") (citing *Abrams*, 719 F.2d at 32); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (citing *Zimmerman*, 800 F.2d at 390 and *Abrams*, 719 F.2d 23); *Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393, 394-95 (S.D.N.Y. 2001) ("When defendant offers all that [a plaintiff] can hope to recover through [the] litigation, there is no justification for taking the time of the court and the defendant in the pursuit of a minuscule individual claim which defendant has satisfied") (quotations, brackets, and ellipses omitted); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) ("Having offered all that [Plaintiff] could hope to recover through this litigation, there is no justification for taking the time of the court and the defendant in the pursuit of a minuscule individual claim which defendant has satisfied.") (citing *Abrams*, 719 F.2d at 32 and *Rand*, 926 F.2d at 598); *Samsung Electronics Corp. v. Rambus, Inc.*, 2005 WL 2993867 at * 13 (E.D. Va. 2005) ("Where ... the defendant has made an offer of judgment for the full amount of relief requested by the plaintiff, *or for the maximum statutory amount which the plaintiff could recover*, no case or controversy remains with respect to the underlying claim.") (emphasis added); *Gonzales v. Goodyear Tire & Rubber Co.*, 2006 WL 8444552, at *3 (D.N.M. Jan. 25, 2006) ("[F]ederal courts have frequently recognized that a defendant's offer of full relief renders a plaintiff's claim moot.").

14.     By this Motion, Circle K does not intend to impair any appellate rights of Plaintiffs.  Instead, Circle K intends to bring this case to a conclusion through Fed.R.Civ.P.

58(a) judgment in this Court, thereby allowing Plaintiffs to pursue an appeal through Fed.R.App.P. 4(a), should Plaintiffs desire to pursue an appeal.

WHEREFORE, Circle K respectfully prays that the Court judgment against it, and in favor of each Plaintiff, on their trespass claim, awarding nominal damages in the amount of $1.00 to each Plaintiff, pursuant to Fed.R.Civ.P. 58(a).  In the event Plaintiffs refuse to accept Circle K's offer of judgment and tender of $1.00 in nominal damages to each of them, Circle K also respectfully prays for permission, pursuant to Fed.R.Civ.P. 67(a), to deposit into the registry the total amount of nominal damages to which Plaintiffs would be entitled in order to moot this case, avoid wasting the Court's and a jury's time to consider undisputed issues, and to avoid further unnecessary fees and expenditures.

Dated this 26th day of June, 2019.

Respectfully submitted by:

/s/ John Pearce

John Pearce
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203-4524
(303) 291-3200
(303) 291-3201 (facsimile)
ropsahl@fclaw.com
jpearce@fclaw.com

/s/ Troy R. Rackham            .
Troy R. Rackham
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3860
trackham@spencerfane.com

**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 26, 2019, the foregoing was filed on the Court's ECF service and served via electronic mail addressed to the following:

Randall M. Weiner
Annmarie Cording
Law Offices of Randall M. Weiner, P.C.
3100 Arapahoe Avenue, Ste. 202
Boulder, CO 80303
Randall@randallweiner.com
Annmarie@randallweiner.com

*Attorneys for Plaintiffs*

            *s/ Nikki Hoff*
            Nikki Hoff